NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Joseph RIZZO,<br><br>    Plaintiff,<br><br>v.<br><br>Robert CONNELL, Jr., a/k/a Robert Connell, individually and as an agent of the New Jersey Bureau of Water Monitoring and Standards, et al.,<br><br>    Defendants. | Civ. No. 10-4136<br><br>MEMORANDUM ORDER |

THOMPSON, U.S.D.J.

    This matter has come before the Court on Plaintiff Joseph Rizzo's Motion for Reconsideration [docket # 32] brought pursuant to Local Civil Rule 7.1. Plaintiff asks the Court to reconsider portions of its Opinion and Order of January 5, 2012 [28, 29], in which the Court dismissed all counts in Plaintiff's Amended Complaint. Defendants Robert Connell, Jr., Mark Mauriello, Scott Brubaker, Amy Cradic, James Joseph, Thomas Foca, and Leslie McGeorge's (collectively, "Defendants") jointly oppose this motion [35]. For the following reasons, Plaintiff's motion will be denied.

    **I.    BACKGROUND**

    For purposes of this motion the Court assumes the parties' familiarity with the underlying facts of this case. On January 5, 2012, the Court dismissed all claims against each Defendant. It is not clear to the Court what claims Plaintiff seeks to resurrect. Plaintiff contends, however, that the Court erred in two separate respects in its earlier decision. First, Plaintiff argues that the Court committed clear legal error in holding that Plaintiff did not have a protectable property interest in the clams harvested from the Navesink River on April 7, 2009. More specifically,

1

Plaintiff contends that the Court failed to construe the facts alleged in the Amended Complaint in the light most favorable to Plaintiff, as required pursuant to Federal Rule of Civil Procedure Rule 12(c).  Second, Plaintiff contends that the Court erred in dismissing portions of Count Two of the Amended Complaint because there is no available state remedy for damages caused to Plaintiff's clams growing in Jenny's Creek or for the loss of Plaintiff's business good-will.

## II.      LEGAL STANDARD

Reconsideration is an extraordinary remedy that is to be granted "very sparingly." *Interfaith Cmty. Org. v. Honeywell Intern., Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002). Pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.1, a motion for reconsideration may be based on one of three separate grounds: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) to correct a clear error of law or to prevent manifest injustice.  *North River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made.  *Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001).  Nor is a motion for reconsideration an opportunity to ask the Court to rethink what it has already thought through.  *Oritani S & L v. Fidelity & Deposit*, 744 F. Supp. 1311, 1314 (D.N.J. 1990).  Thus, a motion for reconsideration may be granted only if there is a dispositive factual or legal matter that was presented but not considered that would have reasonably resulted in a different conclusion by the court.  *Champion Labs., Inc. v. Metex Corp.*, 677 F. Supp. 2d 748, 750 (D.N.J. 2010).

### III.   DISCUSSION

#### a. Count One

In his Amended Complaint, Rizzo alleges that certain clams that he harvested from the Navesink River were improperly destroyed by Defendant Thomas Foca and non-party John Maxwell in violation of the Fifth and Fourteenth Amendments.  Foca concluded that the clams were harvested on April 7, 2009, the same day that the Department of Environmental Protection ("DEP") closed the Navesink River to clamming due to a force main break causing pollution to enter the water.  In its Opinion and Order of January 5, 2012, the Court held that Plaintiff's Takings Clause and procedural due process claims under Count One should be dismissed.  (Op. of Jan. 5, 2012 at 13–14).  The Court reasoned that because the river was closed at the time of harvest Plaintiff never properly acquired a property interest in the clams destroyed by Foca and Maxwell.  (*Id.*).  Therefore, Plaintiff did not have standing to assert any claims that were premised on the destruction of the clams harvested from the Navesink River on April 7, 2009.

Plaintiff alleges that the Court committed a clear error of law in failing to construe the Amended Complaint in the light most favorable to him.  According to Plaintiff, if viewed in the light most favorable to him, the allegations contained in the Amended Complaint show that the clams harvested on April 7, 2009 were harvested prior to the administrative order that closed the Navesink to shell-fishing.  After reviewing the Amended Complaint, it is not clear to the Court that a clear error was committed.

Pursuant to N.J.S.A. 58:24-2, "[t]he [DEP] shall immediately condemn any oyster or clam bed or other place from which oysters, clams or other shellfish are or may be taken upon discovering that such place is subject to pollution or to any other condition which may render the oysters, clams or other shellfish in such place or which may be taken therefrom, dangerous to health." N.J.S.A. 58:24-2.  The administrative regulations promulgated in accordance with this

statutory provision further provide that the DEP "shall immediately suspend harvest in areas impacted by an intermittent pollution episode or emergency condition when the event has or may have a deleterious impact on public health." N.J.A.C. 7:12-1.5(a). Under each of these provisions, the operative word is "immediately"; nothing indicates that a river closure by the DEP should have retroactive effect to earlier in the day. This, however, appears to contradict factual pleadings in Plaintiff's Amended Complaint.

As the Court noted in its earlier opinion, the Amended Complaint in this matter "was inartfully drafted." (Op. of Jan. 5, 2012 at 2 n.1). For example, the Amended Complaint attempts to combine several different constitutional violations into one count, fails to set forth what parties are being sued on what particular claims, etc. Particularly relevant to Plaintiff's pending motion, in paragraph seven of the Amended Complaint, Plaintiff alleges that "*when the closure order was issued it was made retroactive* as noted in paragraph 12 below." (Am. Compl. ¶ 1:7 (emphasis added)). Then, in paragraph twelve of the Amended Complaint, Plaintiff alleges that "[o]n April 7, 2009 before any notification was given to anyone that the river was closed for clamming, Plaintiff harvested some 3, 950 claims [sic]. . . ." Plaintiff's pleadings therefore imply that the river was closed at the time that he harvested the clams at issue.

Even if the Court were to accept the arguments raised by Plaintiff in the pending motion, Plaintiff's Amended Complaint would still be subject to dismissal for alternative reasons.[1] This Court has an independent duty to determine its own subject matter jurisdiction when it is "fairly

---

[1] Moreover, as another example of the convoluted nature of Plaintiff's pleadings, even if Plaintiff's Takings Clause and procedural due process claims under Count One were to be reinstated—which they will not be—these claims would have to be limited only to Defendant Foca. "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of *respondeat superior*. Personal involvement can be shown through allegations of personal direction or of actual knowledge or acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). It is unclear the exact party or parties subject to Plaintiff's Takings Clause and procedural due process claims under Count One, *see supra* note 1, or the scope of reconsideration Plaintiff seeks. On review of the Amended Complaint, however, Foca appears to be the only Defendant with personal involvement in the destruction of Plaintiff's clams harvested from the Navesink River. (Am. Compl. ¶¶ 1:15–16).

in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)); *see also Peachlum v. City of York*, 333 F.3d 429, 433 (3d Cir. 2003) (citations omitted). Because federal courts are courts of limited jurisdiction, they "are without power to decide questions that cannot affect the rights of litigants in the case before them." *North Carolina* v. *Rice*, 404 U.S. 244, 246 (1971). "[T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Entvl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000). Standing must be demonstrated separately for each claim and for each form of relief sought. *See id.* at 185 (internal citations omitted).

Plaintiff claims that the fair market value for the destroyed clams was $612. (Am. Compl., Ex. A). In this case, Plaintiff has already successfully recovered damages for this amount from the Atlantic Highlands Regional Sewer Authority ("AHRSA"). (*Id.* ¶ 1:19). Accordingly, Plaintiff's damages claims under Count One are limited to the legal fees incurred in this present action, "legal fees expended in recovering compensation for his unlawfully confiscated clams" from AHRSA, and compensation "for his severe emotional distress which the Defendants have caused him and further compensation for the time which he lost from pursing his activities as a bayman and aquaculturist." (*Id.* Count One). These claimed damages, however, are insufficient to grant Plaintiff standing to assert a Takings Clause claim.

The Fifth Amendment prohibits government taking of personal property without "just compensation." U.S. CONST. amend. X. This just compensation, however, "is for the property, and not to the owner." *Monongahela Navigation Co.* v. *United States*, 148 U.S. 312, 326 (1893). In other words, "[t]he Fifth Amendment concerns itself solely with the 'property', i.e., with the

5

owner's relation as such to the physical thing and not with other collateral interests which may be incident to his ownership." *United States v. GM Corp.*, 323 U.S. 373, 378 (1945). Therefore, "indirect costs to the property owner caused by the taking of his [property] are generally not part of the just compensation to which he is constitutionally entitled." *United States v. Bodcaw Co.*, 440 U.S. 202, 203 (1979) (per curiam) (citing *Dohany* v. *Rogers*, 281 U.S. 362 (1930); *Mitchell* v. *United States*, 267 U.S. 341 (1925); *Joslin Mfg. Co.* v. *Providence*, 262 U.S. 668 (1923)). These indirect costs that are not recoverable under the Fifth Amendment include attorney's fees and costs, as well as all other forms of consequential damages such as emotional distress. *See, e.g.*, *Dohany v. Rogers*, 281 U.S. 362, 368 (1930); *Heir v. Del. River Port Auth.*, 218 F. Supp. 2d 627, 638–42 (D.N.J. 2002) (dismissing just compensation claim for lack of standing because plaintiff sought only consequential damages). Consequential damages such as these are "a matter of legislative grace rather than constitutional command." *Bodcaw Co.*, 440 U.S. at 204. For these additional reasons, Plaintiff has not properly established standing under Count One as it relates to his Takings Clause claim.[2] Even accepting the arguments that Plaintiff raises in this pending motion, the Court cannot reinstate Rizzo's Count One causes of action.

    b. **Count Two**

Plaintiff next seeks to have the Court reconsider its earlier determination dismissing all claims raised in Count Two of the Amended Complaint. In particular, Plaintiff appears to ask the Court to reinstate a procedural due process claim supposedly raised relating to the clams contained in the Jenny's Creek lease beds and the loss of Plaintiff's business good-will. In its

---

[2] Because these interests are not encompassed within the Fifth Amendment's Takings Clause, they similarly cannot serve as a basis for a procedural due process claim; these alleged damages do not constitute constitutionally protected "property." Accordingly, to the extent that Plaintiff seeks to resurrect his procedural due process claim under Count One, this same additional analysis applies. *See, e.g.*, *Baraka v. McGreevey*, 481 F.3d 187, 205 (2007) ("In evaluating a procedural due process claim, we first determine 'whether the asserted individual interests are encompassed within the fourteenth amendment's protection of life, liberty, or property.'" (quoting *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)).

Opinion of January 5, 2012, the Court concluded that Plaintiff's Takings Clause and procedural due process claims in Count Two must be dismissed because Plaintiff failed to avail himself of the inverse condemnation proceedings permitted under state law. (Op. of Jan. 5, 2012 at 7–9, 15–18). Defendants contend that Plaintiff is now attempting to avoid this Court's adverse ruling through re-characterizing his Amended Complaint by "separating out his Count II claims into one set of claims for the leasebeds [sic] themselves and another set of claims for individual clams in the leasebeds [sic]." (Defs.' Opp. Br. at 11). The Court agrees with this characterization of Plaintiff's arguments.

"The basic pleading requirements of Rule 8(a) require that a complaint put the defendant on notice of the basis of the claims asserted against him." *LLDVF, L.P. v. Dinicola*, No. 09-1280, 2010 U.S. Dist. LEXIS 82078, at *23 (D.N.J. Aug. 12, 2010) (citations omitted). In most situations, "a failure to satisfy Rule 8 occurs where few or only conclusory facts are pled," but when a complaint is so indecipherable so as not to put Defendants or the Court on notice of the claims alleged, this "arguably also fails to satisfy this basic rule." *Id.* This same problem has already occurred once in this case during Defendants' original motion to dismiss. In its initial brief, the Defendants failed to address Plaintiff's Takings Clause claim in Count One. After Plaintiff mentioned this claim in his opposition papers, Defendants responded by arguing that the pleading was so lacking that it did not even put Defendants on notice of this claim. (Op. of Jan. 5, 2012 at 2 n.1). Both the Court and Defendants are again confronted with a similar situation.

In briefing this motion for reconsideration, Plaintiff bases his argument on an interpretation of the Court's Opinion that does not comport with its actual text. Nowhere in the Court's Opinion did it address separate claims related to the supposed injury to the clams in the Jenny's Creek lease bed or the injury to Plaintiff's business good-will. Rather, the Court treated Plaintiff's Amended Complaint as only raising a claim for injury as it relates to the Jenny's

7

Creek lease, along with consequential damages stemming from this claim. That is because Plaintiff's Amended Complaint does not even satisfy the low bar of putting the Court or Defendants on notice of these separate claims. Neither the Court nor Defendants "should be required to sift through . . . allegations to piece together those claims." *Dinicola*, 2010 U.S. Dist. LEXIS 82078, at *25 n.7. "Judges are not like pigs, hunting for truffles buried" in pleadings. *United States v. Dunkel*, 927 F.2d 955, 957 (7th Cir. 1991); *see also United States v. Starnes*, 583 F.3d 196, 216 (3d Cir. 2009). Therefore, Plaintiff's claims in Count Two of the Amended Complaint will not be resurrected based on an entirely new theory of Plaintiff's case discerned only through a sophistic reading of the pleadings. *See Bowers*, 130 F. Supp. 2d at 613.

## IV.    CONCLUSION

For the foregoing reasons, IT IS on this 25th day of May, 2012,

ORDERED that Plaintiff's Motion for Reconsideration [32] is DENIED; and it is

ORDERED that this case remains CLOSED.


    */s/ Anne E. Thompson*
    ANNE E. THOMPSON, U.S.D.J.